RUBY W. DAVISON *v.* MERLE F. DAVISON.

*Cheney, Nighswander & Lord* (*Mr. Nighswander* orally), for the plaintiff.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the defendant.

BURQUE, J. Plaintiff was riding as a passenger in defendant's car. They were traveling in a northerly direction on the Daniel Webster highway, on a straightaway with an unobstructed clear view ahead for a long distance. As they approached a car, or two

cars as claimed by the defendant, parked off and on the roadway, defendant swung around to pass, and at a distance of about 278 feet beyond went off the black portion of the road, travelled gradually some forty feet on the shoulder on defendant's left hand (westerly) side of the road, and landed with considerable force against a stump in a swamp, some eight or twelve feet from the shoulder. The impact was terrific, resulting in practical demolition of the car and serious injuries to both occupants. Defendant's speed can be found to have been between twenty-five and thirty miles per hour. It can further be found that there was but one car parked on the east side of the road, instead of two as claimed by the defendant, and that in any event defendant, from her own admission, had plenty of room to pass. Further evidence adduced is to the effect that defendant stated that when she was passing the parked car or cars, she was in the act of winding a window either up or down, and that she lost control of her car. This statement was made by her to two persons, one of them at the scene of the accident and to the other on her way to the hospital. Those witnesses can be deemed disinterested and credible. Furthermore she made a report to the Motor Vehicle Commissioner to the same effect. She tries to explain the report by saying it was given by her to a third person while she was in the hospital, that she herself did not write it down, and that all she did was to sign it, without reading. Whether the report gives a true version of the accident, or whether her testimony in court to the effect that she was not winding the window is the correct version, was for the jury to say. It is to be noted as significant that she does not deny having made such a statement to the two persons referred to immediately after the accident. The fact that defendant drove 320 feet after passing the parked car or cars, 278 feet of which can be found to have been on the hard surface of the road, and forty feet on the shoulder, and struck the stump with such force as to put the car entirely out of commission and beyond repair is sufficient proof of causal negligence.

Defendant, to support her claim of no negligence on her part, lays considerable stress on a written statement made by the plaintiff, in which she says they passed two parked cars. But this corroborates the defendant simply on this point, which is more or less immaterial, in view of defendant's own statement that she had plenty of room to pass. Plaintiff says she does not know where or how the accident happened, and defendant seems to take the position that, therefore, we must accept defendant's version of how it did happen.

Even if that were so we have already seen that she can be found to have been negligent.

Defendant further claims that no reliance can be placed on plaintiff's two witnesses who testified to what defendant told each one of them about winding the window, because they do not seem to be sufficiently positive. It cannot be said as a matter of law that such testimony should be rejected. Its weight was for the jury. In view of the testimony of these witnesses as to what apparently caused defendant to go off the road, the absence of any explanation on the part of the defendant as to what caused her to get on to the shoulder when she had plenty of room to go by the parked car or cars, the distance she travelled after passing the car or cars, and the force with which she struck the stump, the jury could readily find that the accident was due to negligent inattention in driving.

The motions for nonsuit and directed verdict were properly denied.

*Judgment on the verdict.*

All concurred.